1 .EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by David Carroll, plaintiff, from a summary judgment in favor of Travelers Property Casualty Insurance Co., in this personal injury action. Because we agree with the trial judge that the Travelers insurance policy at issue here did not provide coverage for the underlying accident, we affirm that judgment.
The facts are these. Plaintiff was an employee of Mid-South CATV, Inc., a company engaged in the cable television installation business. On the day in question he was given permission by a superior at Mid-South to use a company truck to bring his brother (also an employee of the company) home. While doing this the truck got stuck in a ditch. A non-company truck was then brought to the scene to extricate the first truck. To accomplish this, a tow rope was used between the trucks. Plaintiffs brother drove the non-company towing truck, his mother drove the Mid-South truck, and plaintiff supervised the operation on the ground. The operation was successful, but while plaintiff was untying the tow rope from the Mid-South truck he was inadvertently run over by his mother and seriously injured.
|3At the time of the above accident Mid-South had a contract for television cable installation with TimeWarner Entertain-menh-Advance/Newhouse Partnership d/b/a TimeWarner Cable (hereinafter Ti-meWarner). TimeWarner was insured by Travelers.
When the insurance coverages of plaintiffs mother and Mid-South proved inadequate, he sued Both TimeWarner and Travelers. TimeWarner was dismissed on summary judgment and no appeal was taken from that judgment. The matter proceeded against Travelers with plaintiff asserting that the insurance policy in question provided uninsured/underinsured coverage for the accident. Travelers eventually urged its own motion for summary judgment on grounds that its policy did not cover this accident.
Plaintiff opposed this motion citing two clauses in the policy under which coverage did he. The first was that coverage was provided to ah subsidiary companies over which TimeWarner had active managerial control. The second was that employees of loan-out companies were deemed to be insureds. The trial judge rejected both of these arguments and granted summary judgment in Travelers’ favor. Plaintiff now appeals urging the same two grounds for relief as urged in the district court.
The procedures for summary judgments are set forth in La.Code Civ. Pro., Arts. 966-969. Such judgments shall be rendered where the papers on file show that there is no issue as to a material fact and the moving party is entitled to judgment *156 as a matter of law. Further, where the moving party puts forth affidavits as to factual matters, the opposing party my not rest on the mere allegations or denials of his pleadings, but must come forth with affidavits, depositions or admissions which set forth specific facts which are in dispute.
In regard to the issue of the active managerial control clause, Travelers introduced its contract with Mid-South, invoices for payment submitted by Mid-_jSouth4 for various projects, and affidavits of two TimeWarner management people familiar with the Mid-South contract. Nothing in the contract or invoices demonstrates that Mid-South was anything other than an independent contractor which had total control over the work. The affidavits both show that TimeWarner did not exercise any control over Mid-South or its employees. On this showing it was incumbent upon plaintiff to come forward with affidavits, depositions or other papers showing a disputed material fact. This he simply failed to do. The trial judge, therefore, properly found that Mid-South was not an insured under the Travelers’ policy pursuant to the active managerial control clause.
Plaintiffs second argument concerns the meaning of the term loan-out company. While the contract provides coverage to such companies under contract for services with TimeWarner, the question here is whether Mid-South was such an entity. While the term loan-out company is not one common to Louisiana law, it does have a definite meaning in other jurisdictions, and these entities are especially used by individual performers in the entertainment industry. In Home Box Office, Inc. v. Directors Guild of America, Inc., 531 F.Supp. 578 (S.D.N.Y.1982) the court noted that such companies typically have as their sole asset the services of the owner of the company, which the company then contracts out to other parties. It further noted that these companies provide certain tax advantages to the owners which would not otherwise be available to them if they contracted out their services as individuals. Mid-South is clearly not such a business entity, and the trial judge was thus also correct in concluding that no coverage existed under this clause of the policy either.
For the above reasons, the summary judgment in favor of Travelers Property Casualty Insurance Co. dismissing it from the suit is hereby affirmed.

AFFIRMED.